UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHERYL D. UZAMERE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civ. No. 25-cv-1894 (UNA) |
| | ) |
| DONALD J. TRUMP, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

This matter is before the Court on its initial review of Plaintiff's application for leave to proceed *in forma pauperis* (ECF No. 2) and *pro se* complaint (ECF No. 1). The Court will grant the application and dismiss the complaint.

Complaints filed by *pro se* litigants are held to "less stringent standards" than those applied to pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, *pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. Fed. R. Civ. P. 8(a). It "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). In addition, Rule 8(d) states that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "Taken together, [those provisions] underscore the emphasis placed on clarity and brevity by the

federal pleading rules." *Ciralsky v. CIA*, 355 F.3d 661, 669 (D.C. Cir. 2004) (cleaned up).  The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer, mount an adequate defense, and determine whether the doctrine of res judicata applies.  *See Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Over 201 paragraphs and 95 pages of the original complaint, Plaintiff purports to challenge Executive Orders 13899 and 14188 on the ground that they "violate the Establishment Clause [of the First Amendment to the United States Constitution] that prohibits the government from establishing a religion; and the Free Exercise Clause, that protects individuals' right to practice their religion . . . as they choose."  Compl. ¶ 1.  Plaintiff, "an adherent of the Jehovah's Christian Witnesses sect," *id*., alleges the Executive Orders are "designed to subject individuals who engage in disseminating information regarding members of Jewish leadership who engage in unconstitutional, tortious or criminal acts that are permitted by the Babylonian Talmud to be subject to Jewish leadership's interference with commerce by threats, violence and other tortious and criminal offenses," *id*.  What follows is a lengthy discussion of Plaintiff's prior lawsuits, lawsuits filed by others, and the alleged misdeeds of Jewish individuals, elected officials, judges and others in myriad circumstances, including Plaintiff's divorce proceedings and criminal case. It is not clear whether or how these matters pertain to Executive Orders 13899 and 14188, however, particularly insofar as certain events occurred prior to the election of the current President of the United States and issuance of Executive Order 14188.  Nor is it clear whether or how enforcement of the Executive Orders affects Plaintiff.

Plaintiff's original complaint is neither short, plain, nor intelligible, and her Errata (ECF No. 4) and myriad exhibits (ECF Nos. 1-1 through 1-58, 4-2 through 4-34) utterly to clarify

matters. Because the pleading fails to meet Rule 8(a)'s minimum pleading standard, the Court will dismiss it without prejudice. A separate order will issue.

/s/
TIMOTHY J. KELLY
United States District Judge

DATE: July 7, 2025